## *AT A CIRCUIT COURT, AT CHAMBERSBURGH, OCTOBER 1801.

### CORAM, YEATES AND SMITH, JUSTICES.

# Joseph Cook *against* John Neaff.

Owner of a slave entering his negro in the county wherein he lives, without expressing the county, the registry is valid. In a suit for the consideration of a slave recommended as honest, purchaser cannot give evidence of his being suspected of felony.

CASE on two promissory notes, the one for 20l. the other for 50l. payable on different days.

The defendant purchased a mulatto named Bob, from the plaintiff as a slave for life. He contended, that the registry of him was imperfect and invalid, and that he was entitled to his freedom, the entry by the clerk of the peace of Cumberland county, (before the county of Franklin was taken off from it), omitting the county of Cumberland, wherein the owner lived, and being these words : " 23d October 1780, Bob, a mulatto " slave for life, aged 6 years, entered by Joseph Cook of Antrim " township, farmer." The transcript of the record was not on stamped paper, agreeably to the act of congress of the 6th July 1797.

BY THE COURT. We cannot receive the paper offered to us in evidence, the same not being on stamped paper, as the act of congress directs. But admitting that we had the entry duly before us, we have no doubts of its validity, though the county is not expressed therein. It is agreed, that Cook lived in Cumberland county at the time, and we know of no other county, which contained a township named Antrim in it. He has delivered to the clerk of the peace of the county in which he inhabited, his name, surname, occupation, place of residence, the name of his slave for life, his age, &c. All the evils intended to be guarded against by the legislature, in the act for the gradual abolition of slavery, are obviated by this return and it would be an unwarrantable refinement to say, that under such a registry, the mulatto was entitled to liberty.

The defendant then proved by a witness, who was present at the sale, that the plaintiff had highly recommended the slave, and sold him as a trusty, honest fellow ; and offered to shew by another witness, that in consequence of his being suspected of felony committed before the sale, he was taken from the service of the defendant.

*260]    *This was objected to, because the guilt of the slave cannot be tried in this suit, to which he is no party. Here is suspicion only, and no conviction followed. If the justice, who acted on the occasion, proceeded without due grounds,

[Respublica *v.* Findlay.]

it can have no effect whatever; and the court will not presume that he has suffered a felony to be compounded. It is not pretended, that the plaintiff knew any thing of this charge, when he sold the mulatto.

The defendant answered, that though the former master was ignorant of this fact, yet having exacted a sound price for the slave, it amounted to a warranty, that he possessed the qualities described. The defendant had lost the benefit of his service for a considerable time, and he was as much injured thereby, as if the slave had an incurable disease, though unknown to the plaintiff. It was of no moment, that Bob was a human being, in the present question. 1 Pow. Contracts, 150.

BY THE COURT. If the mulatto had been convicted of felony, either before or after the sale, the record might have been received in evidence, to shew a want of consideration for the notes. No good reason can be given why this was not done, if he was really guilty; and it must rather now be presumed, that the circumstances were insufficient to effect a conviction. Can we on this collateral issue, where the mulatto is no party, and cannot be heard, try his guilt or innocence? Would it not be the height of injustice? Colour or complexion cannot effect a difference in the great essentials of justice. Suppose a white woman sold as a servant, and recommended as a virtuous person, would it be competent to the defendant, on a suit for the consideration money to shew that she had committed fornication, or had a bastard? Our feelings teach us without reasoning, that there is great difference between a contract of this kind, relating to a human being, and a horse or an ox, or any inanimate matter. The reasoning of Lord MANSFIELD in De Costa *v.* Jones, Cowp. 735, is in many particulars, analogous to the present case. The evidence must be overruled.

Verdict *pro quer.* for 60l. 1s. damages.

Messrs. Hamilton and Brown, *pro quer.*

Messrs. Watts and Orbison, *pro def.*

Obsolete.   Cited in 3 S. & R. 400; 15 S. & R. 37.